```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

|  |  |
|---|---|
| GENEVIEVE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) No. 2:13-cv-02791-JMP-cgc<br>)<br>)<br>)<br>) |

**OPINION AND ORDER FOLLOWING NON-JURY TRIAL**

Plaintiff Genevieve Williams ("Plaintiff" or "Williams") brings this action against the United States ("Defendant" or "the Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for injuries sustained during a fall at the Navy Exchange in Millington, Tennessee ("Navy Exchange") on September 29, 2012.

The Court held a bench trial in this case on March 16, 2015. (ECF No. 32.) Plaintiff was represented by Jennifer L. Miller. The Government was represented by David Brackstone. Plaintiff called the following witnesses: Addie Mitchum and Genevieve Williams. (Ex. List, ECF No. 33.) The Government called Antonio Braswell. (Id.)

For the reasons set forth below, the Court finds that Williams failed to establish by a preponderance of the evidence that the Government proximately caused her fall.[1]

**I. FINDINGS OF FACT**

    **A. Stipulated Facts**

Below are the stipulated facts from the Joint Pretrial Order:

1. Plaintiff was present at the Navy Exchange in Millington, TN on September 29, 2012;

2. At or about 14:11:30, while Plaintiff was in the store, an unidentified male entered the premises carrying one or more broken bottles of beer; and

3. At or about 14:18:08[,] Plaintiff moved to exit the store and fell.

(Joint Pretrial Order at 4, ECF No. 23.)

    **B. Testimony and Evidence Introduced During Trial[2]**

        **1. Addie Mitchum**

Plaintiff's first witness, Addie Mitchum, was the Loss Prevention and Safety Manager for the Navy Exchange on September 29, 2012. Although she was not at the Navy Exchange on the day of the fall, Mitchum did review that day's security footage. Plaintiff's direct examination of Mitchum concerned two lines of

---

[1] Because the Court finds as a matter of fact that Plaintiff failed to establish causation -- a necessary element of her claim -- by a preponderance of the evidence, the Court FINDS AS MOOT Defendant's motion at the end of Plaintiff's proof for a directed verdict.

[2] The parties in this case consented to a recording of this trial. The video is available at
http://www.uscourts.gov/Multimedia/Cameras/WesternDistrictofTennessee/133-cv-02791.aspx.

inquiry: (1) the Navy Exchange's training and policies regarding responding to evidence that the floor of the store might be wet; and (2) describing what was shown in various still-picture frames that were excerpted from the security camera video taken from the day of the incident.

Mitchum testified that the Navy Exchange has policies regarding responding to evidence that the floor of the store might be wet. She testified that employees of the Navy Exchange are trained to know and to follow those policies. According to Mitchum, store policy is to place a caution sign up when a dangerous condition is seen or reported. Any spill is then cleaned up.

With respect to the still images from the security footage, Mitchum described what she saw in each. Because the Court is able to discern the relevant details from the still images introduced, the Court declines to recite Mitchum's subjective interpretations of what appears to be in each image.

The Government's cross-examination of Mitchum was focused on playing the security video (Ex. 1) from before the customer with the broken bottles entered the store to shortly after Williams had fallen. Once more, because the Court is able to discern relevant details from the video, the Court declines to recite Mitchum's subjective interpretations of what occurs in the video.

### 2. Genevieve Williams

Plaintiff's second and final witness was Genevieve Williams. Williams' testimony covered many topics. Because the issue of causation in this case is dispositive, however, the Court only describes that portion of Williams' testimony that is relevant to the issue of the cause of her fall.

Williams testified that she has a significant number of health problems, and had those problems for some time before the day of the fall. Williams was diagnosed with multiple-sclerosis in 2007 and was hospitalized for the condition that year. At the time of the fall, Williams also had fibromyalgia and osteoarthritis. Additionally, she had a hernia surgery sometime before falling that led to complications later, including a follow-up surgery in January 2013 that Williams attributed to being overweight.

As to the day of the incident, Williams testified that she went to the Navy Exchange in order to purchase some alcohol for a party that her niece was throwing that night. According to Williams, the Navy Exchange sells beverages, chips, and items of that nature. Williams testified that she was not in a hurry in the store. She testified that she picked up some peach schnapps and soda. She explained that as she was leaving the Navy Exchange, her foot slipped, and she fell. Williams testified that when she was picked up, she saw a print from her shoe that

went to the left.  She then saw an employee come over to clean up liquid that was on the floor.

On cross-examination, Williams again testified regarding a number of subjects.  As to the cause of her fall, the only pertinent testimony was that she acknowledged that she was not sure how much liquid was on the floor.

### 3. Antonio Braswell

The Government's only witness was Antonio Braswell. Braswell is employed by the Navy Exchange and was employed there on September 29, 2012.  Braswell was able to identify himself in the video at 14:13:36 near the entrance to the store, a screenshot of which was admitted as Exhibit 26.  Braswell also identified himself at 14:18:17, a screenshot of which was admitted as Exhibit 28.  According to Braswell, in Exhibit 28, he was responding to Williams immediately after she fell. Braswell testified that when he went over to her, he saw approximately three drops of liquid on the ground, which were "like little rain drops."

On cross-examination, Braswell acknowledged that the drops of liquid were drops of beer.[3]  He also conceded that he had "not really" looked at the ground near the entrance in the area in

---

[3] Braswell also testified that the drops had come from the broken bottles that were brought into the store.  Because, however, on direct examination, Braswell credibly testified that he had not seen the drops until he went to Williams to help her after her fall, the Court treats his testimony as to the source of the drops as speculation.

5

which Williams fell.  As to what he saw on the floor following William's fall, Braswell noted that he saw no slip marks or anything like slip marks on the ground.

On redirect examination, reiterated that nothing in the area in which Williams fell caused him any concern.  He noted that he had not slipped as he walked through that area, and that he saw no noticeable puddles.

### 4. The Security Video

Although twenty-nine exhibits were introduced at trial, the source of the majority of the exhibits was a video recording of security footage at the Navy Exchange from the afternoon in which Williams fell.  The video recording itself was introduced as Exhibit 5, and still frames from the video were introduced as Exhibits 6 to 29.

The Court has scrutinized the video -- and still frames therefrom -- with careful consideration of the testimony provided during the course of the trial.  The Court finds as a matter of fact that Plaintiff did not establish by a preponderance of the evidence that the droplets of beer on the ground caused her to fall.

## II. CONCLUSIONS OF LAW

Plaintiff claims that the Government is liable in this case under the Federal Tort Claims Act ("FTCA").  (Compl. ¶ 1, ECF No. 1.)  "Under the FTCA, the United States has waived its

sovereign immunity for claims against it for monetary damages arising from 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant.'" 28 U.S.C. § 1346(b). Matthews v. Robinson, 52 F. App'x 808, 809 (6th Cir. 2002). "Liability is determined by reference to the law of the state where the alleged negligent or wrongful conduct occurred." Id. Because the alleged wrongful conduct occurred in Millington, Tennessee, the Court applies the tort law of Tennessee in this case.

In Tennessee, to establish premises liability for injuries suffered due to a dangerous condition, a plaintiff must prove:

> in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

Blair v. W. Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (emphasis added). The emphasized language in the quote above is fatal to Plaintiff's claim. "Causation and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence." Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). As already stated

above, Plaintiff did not establish by a preponderance of the evidence that the fall was caused by a dangerous condition on the premises of the Navy Exchange. Plaintiff therefore has failed to prove a necessary element of her claim.

**III. CONCLUSION**

For the reasons set forth in this opinion, the Court finds that Plaintiff has failed to prove her claim under the FTCA. Judgment is accordingly ENTERED in favor of the Government.

**IT IS SO ORDERED**, this 1st day of April, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
